UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
------------------------------------------------------------------------x
JACOB PAUTSCH, *et al.*,  :
 :
       Plaintiffs, :
 :    **Case No. 20-cv-03859 (JEB)**
-against- :
 :
ISLAMIC REPUBLIC OF IRAN, *et al.*, :
 :
       Defendants. :
 :
------------------------------------------------------------------------x

**PLAINTIFFS' SUPPLEMENTAL MOTION FOR DEFAULT JUDGMENT
IN FAVOR OF EIGHT WOUNDED SERVICEMEMBERS**

Plaintiffs, by and through their attorneys, request that the Court enter judgment by default against Defendants Islamic Republic of Iran ("Iran") and the Syrian Arab Republic ("Syria") in favor of the eight surviving servicemembers in this case pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. In support of this supplemental motion, Plaintiffs rely upon the law, facts, and arguments contained within and attached to their Proposed Findings of Fact and Conclusions of Law in Support of Their Motion for Default Judgment ("PFFCL"), ECF No. 31-1, and the sworn expert report of Colonel (Ret.) Joel Rayburn accompanying the PFFCL (the "Rayburn Report" or "Rayburn Rep."), ECF No. 31-2.

**I.    PROCEDURAL BACKGROUND**

This action was commenced pursuant to the Terrorism Exception to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605A, by the filing of a Complaint on December 31, 2020. *See* ECF No. 1. Following entry of default against Defendants on September 8, 2022, *see* ECF Nos. 25 and 26, Plaintiffs filed their Motion for Default Judgment on September 20, 2023. *See* ECF No. 31. This Court granted default judgment in favor of the five family member Plaintiffs in

this case on December 5, 2023, *see* ECF No. 36 at 10-11, and denied default judgment for the eight wounded Plaintiffs who survived their terrorist attacks on the basis that they did not articulate a theory of liability for their First Claim of Relief. *See id.* at 11-12. Plaintiffs moved for partial reconsideration of the Court's Order on December 12, 2023, *see* ECF No. 38, which the Court granted in part as follows:

> Plaintiffs may file an Amended Complaint that alleges a specific cause of action on behalf of the wounded servicemembers, and the Court will not require further service beyond CM/ECF. If Defendants have not responded within 20 days, Plaintiffs may seek entry of default, following which they may file a Supplemental Motion for Default Judgment just as to the wounded servicemembers.

Jan. 19, 2024, Minute Order.

Plaintiffs filed their Amended Complaint on February 6, 2024, *see* ECF No. 40, and sought entry of default against Iran and Syria on February 27, 2024. *See* ECF No. 41. The Clerk of Court entered default against Defendants on March 1, 2024. *See* ECF No. 42.

## II.    SUPPLEMENTAL REQUEST FOR DEFAULT JUDGMENT

In their PFFCL, Plaintiffs asserted that this Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1605A(a)(1). *See* ECF No. 31-1 at 14-32. This Court agreed. *See* ECF No. 36 at 4-7 ("All five conditions [of 28 U.S.C. §1605A] are met here."). Plaintiffs also asserted that the two required factors enumerated in 28 U.S.C. § 1605(A)(a)(2)(A)(i)–(ii)[1] – that (1) Defendants were each designated as State Sponsors of Terrorism at the time of the attacks (and remain so designated today), and (2) each Plaintiff is a U.S. citizen, a member of the armed forces, or a U.S. contractor – were satisfied. *See* ECF No. 31-1 at 34. This Court agreed. *See* ECF No. 36 at 7. Lastly, Plaintiffs asserted that this Court may exercise personal jurisdiction over Defendants. *See* ECF No. 31-1 at 33-34. This Court agreed. *See* ECF No. 36 at 7-9.

---

[1]    28 U.S.C. § 1605(A)(a)(2)(A)(iii) does not apply, as the attacks did not occur in Syria or Iran.

This Court denied default judgment to the eight wounded Plaintiffs who survived their terrorist attacks on the basis that they did not articulate a theory of liability for their First Claim of Relief. *See* ECF No. 36 at 11-12. In Plaintiffs' Amended Complaint, they added those theories of liabilities: assault, battery, and intentional infliction of emotional distress ("IIED"). *See* ECF No. 40 at 46. Plaintiffs describe each below:

1. **Assault.** "Assault liability for attempted extrajudicial killing under the FSIA requires two conditions: '(1) [defendants] acted intending to cause a harmful contact with, or an imminent apprehension of such a contact by, those attacked[,] and (2) those attacked were thereby put in such imminent apprehension.'" *Cohen v. Islamic Republic of Iran*, No. 17-cv-1214 (JEB), 2019 U.S. Dist. LEXIS 115278, at *14 (D.D.C. July 11, 2019) (quoting *Wultz v. Islamic Republic of Iran*, 864 F. Supp. 2d 24, 35 (D.D.C. 2012)). Plaintiffs have demonstrated that Defendants acted "with manifest intent to cause harmful contact" to U.S. forces and put them in imminent apprehension of harm; "indeed, such is the entire purpose of terrorism." *Id.* This Court adopted Plaintiffs' expert's conclusions that "the Iranian government 'encouraged and enabled' AQI [Al-Qaeda in Iraq] and other terrorist groups to conduct attacks against U.S. forces in Iraq" and that "[t]he Syrian government, moreover, assisted AQI and other STGIs [Sunni terrorist groups in Iraq] in setting up terrorist-facilitation networks in which tens of thousands of militants from Syria and other countries were able to cross into Iraq to conduct these attacks." ECF No. 36, at 5-6 (citing Rayburn Rep. at 7-8).

2. **Battery.** "[B]attery liability arises when [defendants] acted '[(1)] intending to cause a harmful or offensive contact with, or an imminent apprehension of such a contact by, those attacked and (2) a harmful contact with those attacked directly or indirectly resulted.'" *Cohen*, 2019 U.S. Dist. LEXIS 115278, at *14 (quoting *Wultz*, 864 F. Supp. 2d at 36)). Defendants' "act[s]

3

of terrorism both intended to cause and did result in harmful contact" with the surviving Plaintiffs. *Id.* As this Court observed, all of the Plaintiffs were injured in attacks during which "Plaintiffs, their convoys, vehicles, and hotels were struck by explosive devices in AQI and STGI attacks, causing them to sustain physical and psychological injuries, including post-traumatic stress disorder (PTSD) and traumatic brain injury (TBI)." ECF No. 36 at 2 (citing Compl., ECF No. 1, ¶¶ 208–210 (Thomas Vriens), ¶¶ 213–215 (Brian Neuman), ¶¶ 224–226, 230–231 (Wallace Byars), ¶¶ 237–238 (Dennis O'Malley), ¶¶ 244–245 (Richard Vessell), ¶¶ 251–253 (Jason Goldsmith), ¶¶ 257, 262–263 (Wallace Byars), ¶ 267 (Dennis O'Malley), ¶¶ 270–271 (James Davis), ¶¶ 276–278, 285 (Charles James Shaffer)). These allegations have not changed.

3. **Intentional infliction of emotional distress.** As this Court recognized, victims of terrorist attacks may bring claims for IIED. *See* ECF No. 36 at 10-11 ("Under general principles of tort law, '[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress,' both to the victim and 'to a member of such person's immediate family who is present at the time.'") (emphasis added) (citing *Estate of Heiser v. Islamic Republic of Iran*, 659 F. Supp. 2d 20, 26 (D.D.C. 2009) (quoting Restatement (Second) of Torts § 46)).

As explained in *Heiser*, the Restatement (Second) of Torts provides a broad definition of IIED where the wrong is "extreme and outrageous," as it is in the case of terrorism:

> Terrorism, unique among the types of tortious activities in both its extreme methods and aims, passes this test easily. As the *Stethem* court wrote, "All acts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress, literally, terror, in their targeted audience: The more extreme and outrageous, the greater the resulting distress." Indeed, as this Court put it, the "intent to create maximum emotional impact," particularly on third parties, is terrorism's *raison d'etre*.

4

659 F. Supp. 2d at 27 (quoting *Stethem v. Islamic Republic of Iran*, 201 F. Supp. 2d 78, 89 (D.D.C. 2002) and *Eisenfeld v. Islamic Republic of Iran*, 172 F. Supp. 2d 1, 9 (D.D.C. 2000)).

### A.  Plaintiffs Do Not Seek Double Recoveries

"Although a plaintiff is free to advance multiple theories of liability and to obtain full recovery for his damages, he is not entitled to 'double recovery' for the same loss or injury.…" *Dammarell v. Islamic Republic of Iran*, 404 F. Supp. 2d 261, 287 (D.D.C. 2005). Most of Plaintiffs' injuries fall under all three theories, but Plaintiffs advance all three to ensure no viable claim is left without a theory for recovery.

For example, although recovery for IIED injuries is often awarded as part of assault or battery claims, that may not be true where there are no "physical injuries inflicted by the battery," *id.*, or reasonable apprehension of imminent harmful contact (assault), but from other elements of the attack instead, such as witnessing the aftermath. *See, e.g., Peterson v. Islamic Republic of Iran*, 515 F. Supp. 2d 25, 56 (D.D.C. 2007) (noting that physical injuries "are not required" for IIED). For example, the Plaintiffs who survived the March 9, 2005, attack on the Al-Sadeer Hotel are alleged to have "witnessed gruesome injuries." Amended Complaint, ECF No. 40, ¶¶ 232, 247. The IIED theory accounts for the fact that they suffered both physical and emotional injuries as a result of the attack, but that the latter was not limited to the psychological trauma derived from their physical injuries. Thus, even if the Court reviews their claims under a battery theory of liability, the IIED theory may help in the overall assessment of their pain, suffering, and long-term prognoses.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter default judgment against Defendants Iran and Syria in favor of Plaintiffs Thomas Vriens, Brian Neuman,

Wallace Byars, Dennis O'Malley, Richard Vessell, Jason Goldsmith, James Davis, and Charles James Shaffer.

Dated: March 7, 2024

        Respectfully submitted,

        **OSEN LLC**

By:  /s/ Dina Gielchinsky
      Dina Gielchinsky (DC Bar No. NJ011)
      Gary Osen (DC Bar No. NJ009)
      Ari Ungar (DC Bar No. NJ008)
      Michael Radine (DC Bar NJ015)
      Aaron Schlanger (DC Bar No. NJ007)
      190 Moore Street, Suite 272
      Hackensack, New Jersey 07601
      Tel.: (201) 265-6400
      Fax: (201) 265-0303

*Attorneys for Plaintiffs*